UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

|  |  |
|---|---|
| In re: )<br>)<br>) <br>MODERN SHOE COMPANY LLC, )<br>)<br>Debtor. )<br>) | Chapter 11<br>Case No. 16-11658 |

|  |  |
|---|---|
| In re: )<br>)<br>)<br>HIGHLINE UNITED LLC, )<br>)<br>Debtor. )<br>) | Chapter 11<br>Case No. 16-11659 |

**DEBTORS' MOTION, PURSUANT TO BANKRUPTCY RULE 1015, FOR ENTRY OF ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES**

Modern Shoe Company LLC ("Modern Shoe") and Highline United LLC ("Highline"), affiliated debtors as debtors-in-possession in the above-captioned cases (collectively, the "Debtors") hereby submit this Motion (the "Motion") for entry of an order directing the joint administration of the above-captioned chapter 11 cases for procedural purposes only.

In support of this motion, the Debtors respectfully state as follows:

**JURISDICTION, VENUE AND STATUTORY BASIS**

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The basis for the relief requested herein is Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Massachusetts ("LBR").

## BACKGROUND

3.      On May 2, 2016 (the "Petition Date"), the Debtors filed voluntary petitions for relief pursuant to Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

4.      Since the Petition Date, the Debtors have continued to operate their businesses as debtors-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.  No official committee of unsecured creditors, trustee or examiner has been appointed herein.

5.      The Debtors are hereby requesting that these chapter 11 cases be consolidated for procedural purposes only and jointly administered pursuant to Bankruptcy Rule 1015(b).

6.      Information regarding the Debtors' business, capital structure, and the circumstances leading to these chapter 11 cases is set forth in the Declaration of Kimberly Bradley ("Bradley Decalartion"), which is incorporated herein by referenced and filed contemporaneously herewith.

7.      The Debtors anticipate filing this week a motion for authority to sell substantially all their assets, and assume and assign certain executory contracts, along with a motion to establish bidding and sale procedures (the "Sale Motion").  The Debtors' Chapter 11 operations are intended to be brief, and the Debtors' focus during their short operational period will be on soliciting bids for their operations and consummating a sale in the manner most beneficial to the estates and their creditors.

## RELIEF REQUESTED

8. By this Motion, the Debtors seek entry of an order directing joint administration of these chapter 11 cases for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and LBR 1015-1. To that end, the Debtors request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of these chapter 11 cases of: Modern Shoe Company LLC (0193) and Highline United LLC (5860) All further pleadings and other papers shall be filed in, and all further docket entries shall be made in **Case No. 16-11658 (MSH)**

9. Further, the Debtors request that the Court maintain one file and one docket for both of the jointly administered chapter 11 cases under the case of Modern Shoe and that these chapter 11 cases be administered under a consolidated caption, as follows:

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

| | |
|---|---|
| In re: | |
| | Chapter 11 |
| MODERN SHOE COMPANY LLC, | |
| | Case No. 16-11658 (MSH) |
| Debtors.[1] | |
| | Jointly Administered |

10. Finally, the Debtors seek authority to file the monthly operating reports as required by the U.S. Trustee Operating Guidelines on a consolidated basis; provided, however, that disbursements will be listed on a debtor-by-debtor basis.

---

[1] The debtors in the chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are: Modern Shoe Company LLC (0193) and Highline United LLC (5860).

## BASIS FOR THE RELIEF REQUESTED

11. Bankruptcy Rule 1015(b) provides, in relevant part, that if "two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." The Debtors are "affiliates" within the meaning of the Bankruptcy Code. Accordingly, the Court is authorized to grant the requested relief.

12. Joint administration is a procedural tool that promotes the fair and efficient administration of related cases of affiliated debtors. *See*, *e.g.*, *In re Brookhollow Assocs.*, 435 F. Supp. 763, 766 (D. Mass. 1977) (stating that joint administration "help[s] the bankruptcy court to administer economically and efficiently different estates with substantial interests in common"). In addition, LBR 1015-1(c) provides for automatic joint administration in chapter 11 cases:

> If a motion for joint administration of debtors, other than individual debtors, is filed at the same time as the filing of the petitions commencing the cases proposed to be jointly administered, the motion for joint administration shall be treated as an emergency motion and shall be allowed effective upon filing, subject to reconsideration….

13. As noted above, the Debtors filed the Bradley Declaration contemporaneously herewith. The Bradley Declaration establishes that the joint administration of the Debtors' respective estates is warranted and will ease the administrative burden for the Court and parties in interest.

14. Given the interlinked commercial relationships between the Debtors, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders that will arise in these chapter 11 cases will affect both Debtors. Thus, the entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by, for example, avoiding duplicative filings. Joint administration also will allow all parties in interest

to monitor these chapter 11 cases with greater ease.  Furthermore, joint administration will relieve the Court of the burden of entering duplicative orders and maintaining duplicative files for each Debtor and will simplify administrative supervision of these chapter 11 cases by the U.S. Trustee.

15. In view of the benefits attendant to joint administration of these chapter 11 cases, and the absence of known harm to any party in interest, the Debtors submit that the relief requested is appropriate and should be granted in all respects.

16. The foregoing is without prejudice to the right of the Debtors or any party-in-interest to subsequently seek substantive consolidation of the Debtors' chapter 11 cases.

## NOTICE

17. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (i) the U.S. Trustee; (ii) creditors holding the twenty (20) largest unsecured claims against the Debtor; and (iii) parties requesting notice in this Case.  In light of the nature of the relief requested, the Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

18. No previous request for the relief sought herein has been made to the Court or any other court.

WHEREFORE, the Debtors respectfully request that this Court enter an order, substantially in the form attached hereto, granting the relief requested herein and granting the Debtors such other and further relief as is just and proper.

> Respectfully submitted,
>
> MODERN SHOE COMPANY LLC and
> HIGHLINE UNITED LLC
>
> By their proposed counsel,
>
> /s/ Kenneth S. Leonetti
> Kenneth S. Leonetti (BBO #629515)
> Euripides D. Dalmanieras (BBO #650985)
> Michael J. Licker (BBO #678746)
> FOLEY HOAG LLP
> Seaport World Trade Center West
> 155 Seaport Boulevard
> Boston, MA 02210
> Tel: (617) 832-1000
> *bctnotices@foleyhoag.com*

Dated: May 2, 2016

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

| | | |
|---|---|---|
| In re: | ) ) | |
| MODERN SHOE COMPANY LLC, | ) ) | Chapter 11 Case No. |
| Debtor. | ) ) ) | |

| | | |
|---|---|---|
| In re: | ) ) | |
| HIGHLINE UNITED LLC, | ) ) | Chapter 11 Case No. |
| Debtor. | ) ) ) | |

**ORDER, PURSUANT TO BANKRUPTCY RULE 1015, DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES**

Upon consideration of the motion, filed by Modern Shoe Company LLC ("Modern Shoe") and Highline United LLC ("Highline"), the debtors and debtors-in-possession in the above captioned Chapter 11 cases (collectively, the "Debtors"), for entry of an order pursuant to Bankruptcy Rule 1015 and LBR 1015-1 directing the joint administration of the above-captioned chapter 11 cases for procedural purposes only, as more fully described in the Motion; and upon consideration of the Bradley Declaration; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. These chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by this Court under Case No. 16-11658 (MSH).

3. The caption of the jointly administered chapter 11 cases shall read as follows:

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| MODERN SHOE COMPANY LLC, ) | |
| ) | Case No. |
| Debtors.[1] ) | |
| ) | Jointly Administered |

4. A docket entry shall be made in each of the above-captioned cases substantially as follows:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of these chapter 11 cases of: Modern Shoe Company LLC (0193) and Highline United LLC (5860). All further pleadings and other papers shall be filed in, and all further docket entries shall be made in **Case No. 16-11658 (MSH)**.

---

[1] The debtors in the chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are: Modern Shoe Company LLC (0193) and Highline United LLC (5860).

5. One consolidated docket, one file, and one consolidated service list for these chapter 11 cases shall be maintained by the Debtors and kept by the Clerk of the United States Bankruptcy Court for the District of Massachusetts.

6. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases.

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

8. The Debtors shall be permitted to file their monthly operating reports required by the United States Trustee Operating Guidelines on a consolidated basis; *provided, however*, that disbursements will be listed on a debtor-by-debtor basis.

Dated: May __, 2016

_____
United States Bankruptcy Judge