UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

| | |
|---|---|
| In re: <br><br> MODERN SHOE COMPANY LLC, <br><br> Debtor. | Chapter 11 <br><br> Case No. |

| | |
|---|---|
| In re: <br><br> HIGHLINE UNITED LLC, <br><br> Debtor. | Chapter 11 <br><br> Case No. |

**DECLARATION OF BRUCE A. ERICKSON IN SUPPORT OF
DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b) FOR ORDER
AUTHORIZING THE DEBTORS TO (I) RETAIN BERICKSON GROUP, LLC TO
PROVIDE THE DEBTORS A CHIEF RESTRUCTURING OFFICER; AND (II)
DESIGNATE BRUCE A. ERICKSON AS CHIEF RESTRUCTURING OFFICER FOR
THE DEBOTRS, EFFECTIVE AS OF THE PETITION DATE**

Bruce A. Erickson states as follows:

1. I am the Principal of BErickson Group, LLC ("BEG"). I hold a bachelor's degree in economics and an MBA from the University of New Hampshire.

2. I submit this Declaration on behalf of BEG in support of the motion of the debtors in the above-captioned Chapter 11 cases (the "Debtors") pursuant to 11 U.S.C. §§ 105(a) and 363(b), for an order authorizing the Debtors to (I) retain BEG to provide a Chief Restructuring Officer ("CRO"); and (II) designate Bruce A. Erickson to serve as CRO for the Debtors, effective as of the Petition Date (the "Motion"), on the terms and conditions set forth in the

Motion and the engagement letter executed on April 22, 2016, attached to the Motion as Exhibit B (the "Engagement Letter").[1]

3. Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein, or knowledge of such facts based upon the information contained in the books and records of BEG.

## SERVICES TO BE RENDERED

4. Subject to approval by the Court, the Debtors propose to retain BEG to designate me as CRO on the terms and conditions set forth in the Engagement Letter.

5. Prior to the Petition Date, since April 25, 2016, I served as the Debtors' CRO.

6. As set forth in the Engagement Letter, BEG will provide services to the Debtors in this proceeding including, but not limited to, the following:

    a. Assisting as necessary in court related activities, pre-petition planning, including structuring and negotiating the proposed "stalking horse" offer, motion review, court appearances and testimony;

    b. Identifying prospective purchasers who may be interested purchasing some or all of the Debtors' assets;

    c. Development of an offering memorandum for potential purchasers of the Debtors' assets;

    d. Assistance in providing due diligence information in support of prospective purchasers in the due diligence process;

    e. Providing assistance in evaluating and negotiating bids from prospective purchasers;

    f. Providing assistance in obtaining court approval of desired transaction, including offering testimony, as appropriate;

    g. Providing assistance in closing a transaction;

    h. Providing assistance in the development of a plan to wind down the Debtors post-asset sale if required;

---

[1] Capitalized terms that are not expressly defined herein have the meanings ascribed to them in the Motion.

2

  i. Providing assistance to management in wind-down process if required; and

  j. Assistance with other issues as required by the Debtors during this engagement.

7. These services are necessary to enable the Debtors to maximize the value of their estates and successfully complete their restructuring.

### **DISINTERESTEDNESS AND CONNECTIONS WITH PARTIES IN INTEREST**

8. BEG is not aware of any conflict of interest in connection with its retention in these cases.

9. I am personally familiar with all present and former clients of BEG. I have reviewed the names of the persons and entities listed on **Schedule A** to this Declaration to determine whether BEG may have a potential conflict or connection with the persons or entities listed therein (collectively, the "Interested Parties").

10. Based on my review, it appears that BEG does not hold or represent any interest adverse to and has no connection with, subject to the disclosures set forth below, any of the Interested Parties listed on **Schedule A**, except as disclosed herein as follows:

  a. I am an assignee of an entity that was a tenant of First Highland Management and Development Corp. I caused that entity to vacate the premises approximately three years ago and settled the lease termination claim.

11. BEG may have in the past represented, may currently represent, and may in the future represent, certain entities that are claimants or potential claimants of the Debtors, or other parties in interest, in matters wholly unrelated to the Debtors and these chapter 11 cases. Except as set forth herein, I am not aware of BEG performing any services for any such person or entity in connection with these cases, or having any relationship with any such person or entity, their attorneys or accountants that we understand is adverse to the Debtors or the estates.

12. Except as set forth herein, I submit that (a) BEG has no connection with any of the Interested Parties; (b) BEG is not and has not at any time been a director or member of the

3

board of managers of the Debtors; and (c) BEG does not hold or represent any interest adverse to the Debtors' estates.

13. Based on the foregoing, and except as disclosed herein, BEG is a "disinterested person" as that phrase is defined in section 101(14) of the Bankruptcy Code in that BEG:

    a. is not a creditor, equity security holder, or insider of the Debtors;

    b. is not and was not, investment bankers for any outstanding security of the Debtors;

    c. is not and has not been, within two (2) years before the date of the filing of the petitions, a director, officer, or an employee of the Debtors; and

    d. does not have an interest materially adverse to the interest of the Debtors, the estates, or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or any investment banker specified in subparagraph (b) of this paragraph, or for any other reason.

14. In addition, BEG does not hold or represent any interest adverse to the Debtors' estates, except as set forth herein.

## PROFESSIONAL COMPENSATION

15. Subject to Court approval, and as more fully set forth in the Engagement Letter, compensation will be payable to BEG at its normal and customary rates, plus reimbursement of actual, necessary expenses and other charges incurred. BEG has advised the Debtors that its current hourly rates applicable to myself and other personnel that I might engage as necessary are between $195 and $345 per hour depending on the individual assigned.

16. The hourly rates and compensation arrangement reflected in the Engagement Letter are BEG's standard hourly rates for work of this nature. These rates are designed at a level to fairly compensate BEG for the work of its professionals and to cover fixed and routine overhead expenses. These rates are subject to periodic adjustments to reflect economic and other

4

conditions. I may from time to time engage other professionals to serve the Debtors in connection with the matters herein described.

17. BEG will be reimbursed for reasonable out-of-pocket expenses, such as travel, telephone and facsimile, courier, and copy expenses. BEG will be reimbursed for legal fees incurred in responding to discovery or testifying as a witness in any matter relating to its services, excluding testimony provided during the term of the engagement. Other than the Retainer, BEG received no payments from the Debtors in the ninety days preceding the Petition Date.

18. Prior to the Petition Date, BEG received $15,000.00 (the "Retainer") from the Debtors in connection with BEG's consultations with the Debtors with respect to their financial difficulties, businesses, and restructuring strategy. The Retainer was paid from the Debtors' cash. On May 1, 2016, BEG applied $4,551.64 from the Retainer to pay for pre-petition services provided to the Debtors. As a result, the Debtors do not owe BEG any amount for services performed or expenses incurred prior to the commencement of these Chapter 11 cases, and BEG is not a prepetition creditor of the Debtors.

19. Because BEG is not seeking to be employed as a professional under 11 U.S.C. § 327, BEG will not be required to submit fee applications pursuant to 11 U.S.C. §§ 330 and 331. In lieu of filing monthly or interim fee applications, BEG will file with the Court, and provide notice to the Debtors, the Office of the United States Trustee, and any official committees (collectively, the "Notice Parties"), reports of compensation earned and expenses incurred on at least a quarterly basis. Such compensation and expenses shall be subject to review in the event that an objection is filed.

5

20.  No promises have been rendered by or to BEG as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code. BEG has no agreement with any other person for the sharing of compensation to be received by BEG in connection with services rendered in these cases.

21.  I shall amend this Declaration immediately upon my learning that (a) any of the within representations are incorrect or (b) there is any change of circumstance relating thereto.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Date: May 1, 2016

Bruce A. Erickson
Principal, BErickson Group, LLC

# SCHEDULE A

### Known Shareholders Of The Debtors

1. Grandview International Ltd.

### Officers, Directors and Executives Of The Debtors

1. Kimberly Bradley
2. Michael Shirey

### Creditors of the Debtors

1. KONICA MINOLTA BUSINESS SOLUTIONS
2. MERCEDES-BENZ FINANCIAL
3. STATE NJ-DIV OF TAX
4. EMPLOYMENT SECURITY DEPT -- UI TAX AND WAGE ADMIN
5. NYC DEPT OF FINANCE
6. BLUE CROSS BLUE SHIELD
7. COMPENSATION PLANNING INC
8. DELTAL DENTAL OF MA
9. UNUM LIFE INSURANCE COMPANY OF AMERICA
10. THE HARTFORD
11. VERIZON
12. AMERICAN IMPORT SHIPPERS
13. AT&T
14. AT&T MOBILITY
15. CALIFORNIA TRANSPORT ENT
16. CHUBB & SON
17. MARK COCOZZA
18. FIRST HIGHLAND
19. FLAUNT MODEL MANAGEMENT
20. FOLEY HOAG LLP
21. GXS
22. MAERSK AGENCY USA, INC
23. NATIONAL RETAIL
24. PACIFIC LOGISTICS CORP
25. PITNEY BOWES GLOBAL
26. SHENKEL INSURANCE
27. TERMINEX
28. TRACEY SALES
29. XPERIA
30. CITY FASHION EXPRESS
31. DAMCO USA INC
32. SHARKANSKY LLP
33. INTERTRADE SYSTEMS, INC

34. PURCHASE POWER
35. RECALL TOTAL INFO MGT,INC
36. IBM
37. AUDI FINANCIAL SERVICES
38. STEVEN WALDMAN
39. DAMCO DISTRIBUTION
40. UPS
41. SHRED-IT USA-NEW YORK
42. SAFETY INSURANCE
43. TGF MANAGEMENT GROUP
44. PERFORMANCE TEAM
45. UPS SUPPLY CHAIN SOLUTION
46. THOMAS J. KENNEDY
47. MINUTEMAN PRESS
48. REPUBLIC SERVICES #094
49. CITY LOGISTICS&TRANSPORT
50. ORIENT OVERSEAS CONTAINER
51. EVERGLORY LOGISTICS, INC.
52. AT&T TELECONFERENCE SVCS
53. EVERSOURCE
54. READYREFRESH BY NESTLE
55. JJ CLEANING SERVICES LLC
56. APL LOGISTICS
57. DATAWATCH CORP
58. CHECKERS DIV.
59. SAP AMERICA
60. HOME HEALTH FOUNDATION
61. DAMCO CUSTOMS SERVICES
62. AMERICAN EXPRESS
63. JS INT MACAO OFFSHORE LTD
64. UPSKY TRADING LTD
65. American Funds Retirement Resources
66. Commonwealth of Massachusetts
67. ADP LLC
68. ALPHAGRAPHICS
69. ASH (HK) LTD
70. CHARLES TERHOUT INC
71. CITY FASHION EXPRESS INC
72. CON EDISON
73. CONDE NAST PUBLICATIONS
74. CR LICENSING LLC
75. CREDIT INTERNATIONAL
76. CREDITSAFE USA INC
77. CWS SOFTWARE
78. DAWAN MAZZU
79. DUGGAL

80. ENCORE IMAGES, INC.
81. FINELINE TECHNOLOGIES INC
82. FOX ROTHSCHILD LLP
83. FRENCH CONNECTION GROUP
84. GAL GROUP INC
85. HEARST MAGAZINES
86. HING NGAI LEATHERWARE
87. KENTUCKY STATE TREASURER
88. LIGHTOWER FIBER LI, LLC
89. MOBILE PARCEL CARRIERS IN
90. MSA MODELS
91. NATIONAL RETAIL TRANSPORT
92. PASADENA SERVICES INC
93. PRESIDO NETWORKED
94. ROSINI ENGINEERING P.C.
95. S.K. EXPORTS
96. SECRETARY OF STATE -- CALIFORNIA
97. SEESAW
98. SIGNATURE CLEANING
99. SKY WATER
100. SOLE COMMERCE/ADVANSTAR
101. SPAR MARKETING FORCE,INC
102. STATE INSURANCE FUND – NEW YORK
103. STATE OF CALIFORNIA
104. STOP PEST CONTROL OF NY
105. TALENT ASSOCIATES
106. TAN HOLDING CORPORATION
107. TEMP-ART MECHANICAL INC.
108. TIME WARNER CABLE
109. TIMMY WANG
110. TUNGSTEN NETWORK INC
111. UPS FREIGHT
112. VO PATENTS & TRADEMARKS
113. WB MASON CO INC
114. WEEKS-LERMAN GROUP, LLC
115. WEIHAI JS LEATHERWARE INC
116. WETHERLY FASHION GROUP
117. WOLF GREENFIELD & SACKS
118. YONKERS SELF STORAGE
119. YOUNG GUNS SA DE CV
120. YOUR STORE WIZARDS

## Counterparts to Executory Contracts/Leases

1. Adobe Systems Incorporated
2. Ana Feoktistoff

3. Avalara
4. Carbonite
5. Cleo Communications
6. Digital Insurance
7. Elie Tahari Ltd
8. Extol EDI
9. French Connection Ltd
10. Global Software
11. GS1
12. Lightower Fiber Networks
13. Microsoft Exchange
14. Presidio Network
15. Recall Total Management
16. Sequential Brands
17. Sprague St Associates
18. CWS (Custom Workflow Solutions) LLC
19. Toll Global Forwarding